IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARTIN ROBINSON, | CASE NO. 3:23-CV-00089-BMB |
| Petitioner, | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| WARDEN, KIMBERLY HENDERSON, *et al.*, | |
| Respondents. | **REPORT AND RECOMMENDATION** |

Petitioner, Martin Robinson ("Mr. Robinson"), seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). This matter was referred to me on February 15, 2023 under Local Rule 72.2. (See ECF non-document entry dated February 15, 2023). Currently before me are two motions: (1) Mr. Robinson's motion for an emergency writ, injunction, or court order to cease any and all activity that may be taking place at his residence (ECF No. 18); and (2) Warden Kimberly Henderson's (the "Warden") motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 22). For the reasons set forth below, I recommend that the Court DENY both motions.

**I.   Mr. Robinson's Motion for an Emergency Writ, Injunction, or Court Order**

In his motion, Mr. Robinson asserts that his residence was illegally confiscated and may have been sold through a sheriff's auction. He also asserts that he was unlawfully evicted

1

and kidnapped or abducted from his home. He seeks an order "to cease and desist any and all activity that may be taking place" at his residence. (ECF No. 18, PageID # 130).

The Warden responds that Mr. Robinson's motion is beyond this Court's jurisdiction and must be asserted in an Ohio court that has jurisdiction over Mr. Robinson's property. I agree. Federal courts are courts of limited jurisdiction. *See United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 777 (1994)). Mr. Robinson has not established that this Court has jurisdiction over a dispute involving his residence, or that any such dispute is relevant to his pending habeas petition. I therefore recommend that the Court deny Mr. Robinson's motion for an emergency writ, injunction, or court order.

II. **The Warden's Motion to Dismiss for Want of Prosecution**

The Warden moves to dismiss Mr. Robinson's petition for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), which provides that a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b).

The Supreme Court has recognized that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (recognizing that "[u]nder the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute," and the appropriate standard of review is abuse of discretion).

2

In determining whether a case should be dismissed for failure to prosecute under Rule 41(b), the Sixth Circuit has held that a court should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)). As discussed below, a review of these factors leads me to conclude that dismissal for want of prosecution is not appropriate in this case.

### A. Whether the party's failure is due to willfulness, bad faith, or fault

The Warden argues that dismissal is warranted because Mr. Robinson failed to comply with my order requiring him to file an amended habeas petition by October 27, 2023. (*See* ECF non-document entry dated September 12, 2023). While a litigant's failure to comply with a court order is an appropriate basis to dismiss for want of prosecution under Rule 41(b), I disagree that Mr. Robinson has engaged in conduct that demonstrates willfulness, bad faith, or fault. To explain why, a brief recounting of this case's procedural history is warranted.

On January 17, 2023, Mr. Robinson filed his Section 2254 habeas petition. (ECF No. 1). However, Mr. Robinson's petition was incomplete and, in particular, omitted the portions of the petition setting forth Mr. Robinson's grounds for relief and the facts supporting those grounds for relief. Accordingly, on July 27, 2023, the Warden filed a motion for a more definite statement. (ECF No. 13). As noted above, I granted the Warden's motion on September 12, 2023, ordering Mr. Robinson to file his amended petition by October 27, 2023.

The Warden argues that Mr. Robinson failed to file an amended petition by October 27, 2023. The Warden is correct that Mr. Robinson did not file a document labeled as an

"amended petition" by that date. However, contrary to the Warden's suggestion, Mr. Robinson did seek to comply with my order. Specifically, on October 19, 2023—before the deadline established in my September 12, 2023 order—Mr. Robinson filed a "Renewed Application for Counsel; Response to 9/12/2023 Order by Mag. Armstrong." (ECF No. 16). In his renewed application/response, Mr. Robinson included the missing portions of his original habeas petition, including 40 separate grounds for relief and the facts supporting those grounds. *Id*.

Thus, while Mr. Robinson did not technically comply with my order that he file an amended habeas petition, he did submit the missing portions of his habeas petition, which provided the Warden and the Court with information regarding his grounds for relief and the facts supporting those grounds. Accordingly, I conclude that Mr. Robinson's failure to strictly comply with my order is not due to willfulness, bad faith, or fault.

### B. **Whether the Warden was prejudiced by Mr. Robinson's conduct**

In applying the second factor, the Warden has not demonstrated how she was significantly prejudiced by Mr. Robinson filing the missing portions of his petition as a response to my order rather than as a complete, amended petition. The Warden reasonably argued in its motion for a more definite statement that it lacked sufficient information to respond to Mr. Robinson's petition. Mr. Robinson has now provided that information, albeit not in the precise form that I ordered. I therefore conclude that the second factor does not weigh strongly in favor of dismissal.

### C. **Whether Mr. Robinson was warned that failure to cooperate could lead to dismissal**

Courts applying the third factor have recognized that it "involves an examination as to whether the non-complying party was warned that failure to cooperate could lead to

dismissal." *Johnson v. Sloan*, No. 1:17-cv-1050, 2017 WL 7736384, at *3 (N.D. Ohio Oct. 10, 2017), *report and recommendation adopted*, 2018 WL 969927 (N.D. Ohio Feb. 20, 2018). Here, my September 12, 2023 order did not warn Mr. Robinson that failure to file an amended petition would potentially result in dismissal. This factor also does not weigh in favor of dismissal.

### D. Whether less drastic sanctions were imposed or considered before dismissal was ordered

The fourth factor looks to whether less drastic sanctions were imposed or considered. I conclude that a less drastic sanction short of dismissal is available under the circumstances presented here. In particular, I recommend that the appropriate remedy is to require Mr. Robinson to file a complete, amended habeas petition as a standalone document within 28 days of the date of the Court's order, with an explicit admonishment that failure to do so will result in dismissal of the action under Rule 41(b). If the Court adopts my recommendation, I also encourage Mr. Robinson to consider whether his grounds for relief can be streamlined for the convenience of all parties.

### III. RECOMMENDATION

For the foregoing reasons, I recommend that the Court DENY Mr. Robinson's motion for an emergency writ, injunction, or order. I also recommend that the Court DENY the Warden's motion to dismiss for want of prosecution and order Mr. Robinson to file a complete amended habeas petition within 28 days of the date of the Court's order. Finally, I recommend that the Court inform Mr. Robinson that failure to file an amended habeas petition within the time allotted will result in dismissal of the action pursuant to Rule 41(b).

Dated: March 26, 2024　　　　　　　　　　　　　　　s/ Jennifer Dowdell Armstrong
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## IV. NOTICE TO PARTIES REGARDING OBJETIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes

6

judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).