IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN ROBINSON, | ) | CASE NO. 3:23-CV-00089-BMB |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN |
| | ) | BRENNAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| WARDEN, KIMBERLY HENDERSON, | ) | |
| *et al.*, | ) | |
| | ) | **REPORT AND** |
| Respondents. | ) | **RECOMMENDATION** |
| | ) | |

I.   INTRODUCTION

Petitioner, Martin Robinson ("Mr. Robinson"), seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). This matter was referred to me on February 15, 2023 under Local Rule 72.2. (See ECF non-document entry dated February 15, 2023).

Currently pending before the Court is Mr. Robinson's Motion for Default Judgment or Other Appropriate Judgment.[1] ("Motion," ECF No. 21.) Mr. Robinson asserts that default judgment is appropriate here because "the State of Ohio has failed to defend in this matter, by way of order by this Court." (*Id.*) The "court order" Mr. Robinson references is presumably the Magistrate Judge's Initial Order, which ordered Respondent to file a Return of Writ. (ECF

---

[1] Mr. Robinson also has a plethora of other motions pending before the Court. (*See* ECF Nos. 30, 34, 35, 37, 39.)

1

No. 5.) In support of his Motion, Mr. Robinson cites to Rules 55, 56, or 57 of the Federal Rule of Civil Procedure. (*Id.*) For the reasons set forth below, I RECOMMEND that the Court DENY Mr. Robinson's Motion.

**II.      LAW AND ANALYSIS**

### A. Mr. Robinson's Motion Fails Under Fed.R.Civ.P. 55(a)

Rule 55(a) of the Federal Rules of Civil Procedure allows the Clerk of Court to enter a default only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). But Mr. Robinson's Motion fails under Rule 55 because the Sixth Circuit has long recognized that "default judgments in habeas corpus proceedings [are not available] ... [and] the failure of the Office of the Attorney General of Ohio to file a timely return does not afford a basis for instanter relief." *Arnoff v. Black,* No. 1:22-cv-00375, 2022 WL 2834663, at *1 (N.D. Ohio July 20, 2022) (citing *Allen v. Perini*, 424 F.2d 134, 137 (6th Cir. 1970) (holding that default judgment has "no application in habeas corpus cases"), *cert. denied*, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970); *see also King v. Kelly*, No. 1:13 CV 2270, 2014 WL 3053183, at *1 (N.D. Ohio July 7, 2014) ("The Sixth Circuit has made clear that default judgments are not available in habeas corpus proceedings."); *Mahaday v. Cason*, 222 F. Supp. 2d 918, 921-922 (E.D. Mich. 2002) (collecting cases)).

And even if default was permissible in a habeas corpus action, default would not be appropriate here because Respondent has not failed to defend this case; in fact, Respondent's 86-page motion to dismiss is currently pending before the Court.[2] (ECF No. 36). Accordingly, Mr. Robinson's Motion fails under Fed.R.Civ.P. 55.

---

[2] Mr. Robinson has moved to strike Respondent's Motion to Dismiss. (*See* ECF Nos. 38, 39.)

2

### B. Mr. Robinson's Motion Fails Under Fed.R.Civ.P. 56

Fed.R.Civ.P. 56 also does not provide Mr. Robinson a procedural mechanism for relief. That is because "[s]ummary judgment is disfavored in federal habeas corpus proceedings, as it would be 'tantamount to granting Petitioner a default judgment which is relief that is unavailable' in such proceedings." *Arnoff*, 2022 WL 2834663, at *1 (citing *Howard v. Miller*, No. 5:14CV2710, 2016 WL 1047300, at *2 (N.D. Ohio Mar. 16, 2016)). Moreover, "[t]o the extent summary judgment is available in habeas corpus cases, 'it applies only to the extent that it does not conflict with § 2254 or the habeas rules.'" *Arnoff*, 2022 WL 2834663, at *1 (citing *Dellinger v. Mays*, No. 3:09CV104, 2018 WL 4102241, at *5 (E.D. Tenn. Aug. 28, 2018)).

Even if this Court were to liberally construe Mr. Robinson's Motion as one for summary judgment, it is at the very least premature before a full round of briefing. *Arnoff*, 2022 WL 2834663, at *1. It is also unnecessary. I granted Mr. Robinson an extension of time to respond to the Warden's Motion to Dismiss on or before August 19, 2024, and the Warden may then subsequently file a reply brief. I will then issue a Report and Recommendation on the Motion to Dismiss, and this Court will then consider that Report and Recommendation in light of any objections and rule on Respondent's Motion to Dismiss. And if the Motion to Dismiss is denied, I would order Respondent to file a Return of Writ. Accordingly, Mr. Robinson's Motion fails under Fed.R.Civ.P. 56.

### C. Mr. Robinson's Motion Fails Under Fed.R.Civ.P. 57

Mr. Robinson's Motion further fails under Fed.R.Civ.P. 57, which governs the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. Because Mr.

3

Robinson is "attack[ing] his state court conviction[] and sentence[s], his exclusive federal remedy, if any, is by habeas corpus petition." *Pesci v. Gansheimer,* No. 105CV755, 2005 WL 1278469, at *3 (N.D. Ohio May 27, 2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Stated differently, "[a] declaratory judgment action cannot be used as a substitute for one seeking a writ of habeas corpus." *Pesci,* 2005 WL 1278469, at *3 (citing *Ruip v. State of Kentucky*, 400 F.2d 871, 872 (6th Cir.1968)). Mr. Robinson's habeas petition remains pending before this Court. Accordingly, Mr. Robinson's Motion fails under Fed.R.Civ.P. 57.

### III.     RECOMMENDATION

For the foregoing reasons, I recommend that the Court DENY Mr. Robinson's Motion for Default Judgment or Other Appropriate Judgment. (ECF No. 21).

Dated: August 2, 2024                                               s/ Jennifer Dowdell Armstrong
                                                                              United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJETIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive

further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).