**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MARTIN ROBINSON, | ) | CASE NO. 3:23-CV-00089-BMB |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN |
| | ) | BRENNAN |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| KIMBERLY HENDERSON, Warden, et al., | ) | JENNIFER DOWDELL |
| | ) | ARMSTRONG |
| | ) | |
| Respondents. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |

## I.      INTRODUCTION

Petitioner, Martin Robinson ("Mr. Robinson") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Mr. Robinson is serving a sentence of 55 years after being convicted of attempted aggravated murder, six counts of attempted murder, eight counts of felonious assault, and one count of inducing panic. This matter was referred to me on February 15, 2023, under Local Rule 72.2 to prepare a report and recommendation on Mr. Robinson's petition and other case-dispositive motions. (*See* ECF non-document entry dated February 15, 2023).

Currently before me is the motion of respondent, Warden Kimberly Henderson ("Warden"), to dismiss Mr. Robinson's petition on three grounds: (1) untimeliness; (2) failure to exhaust; and (3) procedural default. For the reasons set forth below, I recommend that the Court DISMISS Mr. Robinson's petition. I further recommend that the Court not grant Mr. Robinson a certificate of appealability. Finally, I recommend that the Court deny several pending motions that Mr. Robinson has filed as moot and/or without merit.

1

## II.     RELEVANT PROCEDURAL HISTORY

### A.  State Court Conviction

On September 12, 2018, Mr. Robinson was indicted in the Lorain County Court of Common Pleas on: (1) one first-degree felony count of attempted aggravated murder in violation of R.C. §§ 2903.01(E)(1) and 2923.02(A); (2) seven first-degree felony counts of attempted murder in violation of R.C. §§ 2903.02(A) and 2923.02(A); (3) twelve first-degree felony counts of felonious assault in violation of R.C. § 2903.11(A)(1); (4) one third-degree felony count of tampering with evidence in violation of R.C. § 2921.12(A)(1); and (5) one fourth-degree felony count of inducing panic in violation of R.C. § 2917.31(A)(3). (ECF No. 36-1, Exhibit 1). Many of the charges also carried firearm specifications. On December 27, 2018, Mr. Robinson pled not guilty to all charges. (ECF No. 36-1, Exhibit 2).

The case proceeded to trial. On March 5, 2019, the trial court denied Mr. Robinson's motion for acquittal pursuant to Ohio Criminal Rule 29 with respect to one of the felonious assault counts but granted it with respect to the tampering with evidence count. (ECF No. 36-1, Exhibit 10). The court also denied Mr. Robinson's request for a self-defense instruction. *Id*. The inducing panic charge was reduced to a first-degree misdemeanor charge, and the firearm specifications accompanying that charge were dismissed. (ECF No. 36-1, Exhibit 12).

On March 8, 2019, the jury convicted Mr. Robinson of the aggravated murder count, six counts of attempted murder, eight counts of felonious assault, and the inducing panic count, along with the firearm specifications accompanying those counts. (ECF No. 36-1, Exhibit 11). The jury acquitted Mr. Robinson on the remaining charges. *Id*. On March 12, 2019, the trial court sentenced Mr. Robinson to a total of 55 years in prison. (ECF No. 36-1, Exhibit 12).

### B.  Direct Appeal

On April 9, 2019, Mr. Robinson, through counsel, timely filed a notice of appeal to the Ninth District Court of Appeals. (ECF No. 36-1, Exhibit 14). In his appellate brief, Mr. Robinson

raised the following assignments of error:

1. The government failed timely to bring Robinson to trial in violation of U.S. Const. Amends. VI and XIV and Oh. Const. Art. 1, sec. 10 (speedy trial).

2. The trial court failed to read the jury a mandatory self-defense instruction in violation of U.S. Const. Amend. VI and XIV and Oh. Const. Art. 1, sec. 10 (right to a jury trial).

3. The trial court erred in allowing a conviction in the face of insufficient evidence in violation of U.S. Const. Amend. VI and XIV and Oh. Const. Art. 1, sec 10 (due process).

4. The trial court erred in allowing a conviction against the manifest weight of the evidence.

5. The trial court erred in denying counsel's request for a continuance in violation of U.S. Const. VI and Oh. Const. Art. 1, sec. 10 (effective assistance).

(ECF No. 36-1, Exhibit 15).

On September 21, 2020, the Ninth Appellate District affirmed Mr. Robinson's convictions. (ECF No. 36-1, Exhibit 18). On October 7, 2020, Mr. Robinson filed an application for reconsideration and an application for rehearing *en banc*. (ECF No. 36-1, Exhibit 29). On November 23, 2020, the Ninth Appellate District denied both applications as untimely. (ECF No. 36-1, Exhibits 31-32). Mr. Robinson did not file an appeal to the Ohio Supreme Court from the Ninth Appellate District's decision.

**C.  Collateral Challenges to Conviction**

In addition to his direct appeal, Mr. Robinson filed numerous other challenges to his conviction in the Ohio courts. Because many of those filings are relevant to the Warden's arguments, I will briefly summarize them as well.

### 1.  *Petition for Post-Conviction Relief*

On September 8, 2020, while his direct appeal was still pending, Mr. Robinson filed a petition for post-conviction relief in the Lorain County Court of Common Pleas pursuant to R.C. § 2953.21. (ECF No. 36-1, Exhibit 19). In his petition, Mr. Robinson asserted that he received the

ineffective assistance of counsel and that his due process rights were violated because the police engaged in misconduct. *Id*. On September 28, 2020, the trial court dismissed Mr. Robinson's petition, holding that both grounds were decided during Mr. Robinson's direct appeal, were barred by res judicata, and were meritless. (ECF No. 36-1, Exhibit 22).

Mr. Robinson filed a timely appeal to the Ninth Appellate District. (ECF No. 36-1, Exhibit 23). On December 4, 2020, Mr. Robinson also filed a motion in the Ninth Appellate District for immediate release or a new trial. (ECF No. 36-1, Exhibit 25). On January 21, 2021, the Ninth Appellate District dismissed the appeal for failure to pay the required deposit and for failure to file a docketing statement. (ECF No. 36-1, Exhibit 26). Mr. Robinson filed a motion for reconsideration on February 12, 2021. (ECF No. 36-1, Exhibit 27). On June 7, 2021, the Ninth Appellate District dismissed Mr. Robinson's motion for reconsideration as untimely. (ECF No. 36-1, Exhibit 28). Mr. Robinson did not file an appeal to the Ohio Supreme Court.

### 2. *Rule 26(B) Application to Reopen Appeal*

On December 4, 2020, Mr. Robinson filed an application in the Ninth Appellate District to reopen his appeal pursuant to Ohio Appellate Rule 26(B), alleging that his appellate counsel was ineffective in several respects. (ECF No. 36-1, Exhibit 33). On January 29, 2021, the Ninth Appellate District denied Mr. Robinson's application, holding that Mr. Robinson failed to establish a genuine issue regarding his claims. (ECF No. 36-1, Exhibit 34). On February 23, 2021, Mr. Robinson filed a delayed motion to reconsider and reopen his appeal and a motion for *en banc* review. (ECF No. 36-1, Exhibit 35). The Ninth Appellate District denied Mr. Robinson's motions on July 19, 2021. (ECF No. 36-1, Exhibit 38). Mr. Robinson did not file an appeal to the Ohio Supreme Court.

### 3. *Notice of Appeal of Sentence*

On December 10, 2020, Mr. Robinson filed a "notice of appeal of sentence" in the Ninth Appellate District. (ECF No. 36-1, Exhibit 39). On May 4, 2021, the Ninth Appellate District held

that it lacked jurisdiction over the appeal because there was no order from which a timely appeal could be taken. (ECF No. 36-1. Exhibit 40). On June 1, 2021, Mr. Robinson filed an appeal to the Ohio Supreme Court. (ECF No. 36-1, Exhibit 41). On July 20, 2021, the Ohio Supreme Court declined to accept jurisdiction over the appeal. (ECF No. 36-1, Exhibit 44).

### 4. *Second Notice of Appeal*

On December 18, 2020, Mr. Robinson filed a notice of appeal in the Ninth Appellate District, purporting to appeal from both the Ninth Appellate District's opinion affirming his sentence on direct appeal and its denial of his application for reconsideration and rehearing *en banc* with respect to his direct appeal. (ECF No. 36-1, Exhibit 45). On May 3, 2021, the Ninth Appellate District dismissed Mr. Robinson's appeal as incorrectly entered. (ECF No. 36-1, Exhibit 46). On May 14, 2021, Mr. Robinson moved for reconsideration. (ECF No. 36-1, Exhibit 47). On June 3, 2021, the Ninth Appellate District granted Mr. Robinson's motion for reconsideration and reinstated the appeal, but held that it was without jurisdiction to hear an appeal from a prior appeal. (ECF No. 36-1, Exhibit 48). On June 17, 2021, Mr. Robinson filed a notice of appeal to the Ohio Supreme Court. (ECF No. 36-1, Exhibit 50). On August 3, 2021, the Ohio Supreme Court declined to accept jurisdiction over the appeal. (ECF No. 36-1, Exhibit 53).

### 5. *Motion for New Trial*

On January 12, 2021, Mr. Robinson filed a motion for a new trial and motion for acquittal in the Lorain County Court of Common Pleas. (ECF No. 36-1, Exhibit 54). On January 28, 2021, the trial court denied Mr. Robinson's motion because it was untimely, lacked a supporting affidavit, was barred by res judicata, and failed on the merits. (ECF No. 36-1, Exhibit 56). On January 29, 2021, Mr. Robinson appealed to the Ninth Appellate District. (ECF No. 36-1, Exhibit 57). On May 3, 2021, the Ninth Appellate District dismissed the appeal for lack of jurisdiction. (ECF No. 36-1, Exhibit 58). Mr. Robinson did not file an appeal to the Ohio Supreme Court.

### 6. Second Motion for New Trial

On April 13, 2021, Mr. Robinson filed a second motion for a new trial, for acquittal, and for discovery in the Lorain County Court of Common Pleas. (ECF No. 36-1, Exhibit 59). On April 15, 2021, the trial court denied Mr. Robinson's motion because it was untimely, lacked a supporting affidavit, was barred by res judicata, and failed on the merits. (ECF No. 36-1, Exhibit 60). Mr. Robinson filed a timely appeal to the Ninth Appellate District. (ECF No. 36-1, Exhibit 61). On October 5, 2021, the Ninth Appellate District dismissed the appeal for failure to file a docketing statement. (ECF No. 36-1, Exhibit 67). Mr. Robinson did not file an appeal to the Ohio Supreme Court.

### 7. Ninth Appellate District Habeas Petition

On December 18, 2020, Mr. Robinson filed a petition for habeas corpus in the Ninth Appellate District pursuant to R.C. § 2969.25. (ECF No. 36-1, Exhibit 68). On March 8, 2021, the Ninth Appellate District dismissed Mr. Robinson's petition for failure to comply with the statutory filing requirements. (ECF No. 36-1, Exhibit 71). On April 5, 2021, Mr. Robinson appealed to the Ohio Supreme Court. (ECF No. 36-1, Exhibit 72). On November 3, 2021, the Ohio Supreme Court affirmed the Ninth Appellate District's judgment. (ECF No. 36-1, Exhibit 76). Mr. Robinson filed a motion for reconsideration, which the Ohio Supreme Court denied on December 8, 2021. (ECF No. 36-1, Exhibits 77-78). On March 16, 2022, Mr. Robinson filed a petition for a writ of certiorari in the United States Supreme Court. (ECF No. 36-1, Exhibit 93). On June 6, 2022, the Supreme Court denied Mr. Robinson's petition for a writ of certiorari. (ECF No. 36-1, Exhibit 94).

### 8. Madison County Habeas Petition

On June 11, 2021, Mr. Robinson filed a petition for a writ of habeas corpus in the Madison County Court of Common Pleas, asserting that his constitutional rights were violated because he was forced to wear his prison uniform at trial. (ECF No. 36-1, Exhibit 79). On July 21, 2021, the court dismissed Mr. Robinson's petition for failure to comply with the statutory filing

requirements. (ECF No. 36-1, Exhibit 81). On August 18, 2021, Mr. Robinson appealed to the Twelfth Appellate District. (ECF No. 36-1, Exhibit 83). On February 28, 2022, the Twelfth Appellate District affirmed the trial court's judgment. (ECF No. 36-1, Exhibit 86). On March 28, 2022, Mr. Robinson filed a notice of appeal to the Ohio Supreme Court, which declined to accept jurisdiction on June 7, 2022. (ECF No. 36-1, Exhibits 87, 90). Mr. Robinson filed a motion for reconsideration, which the Ohio Supreme Court denied on August 16, 2022. (ECF No. 36-1, Exhibits 91, 92).

### 9.  *January 17, 2023 Ohio Supreme Court Order*

The Warden has also directed the Court to a January 17, 2023 order from the Ohio Supreme Court denying Mr. Robinson's motion for a stay in case number 2022-1332. *See State v. Robinson*, 168 Ohio St. 3d 1529 (Table), 2022-1332 (Jan. 17, 2023). The records relating to that appeal do not appear in the state court record filed in this Court, for reasons that are unclear. Nor are there any records of the lower court proceedings that led to the appeal. However, the online docket for the underlying Ninth Appellate District case, case number CA-22-111966, is available, and contains a September 22, 2022 entry stating as follows:

> Sua sponte, appellant's "renewed notice of appeal" is dismissed. Appellant's prior appeal in 108990 was dismissed on September 18, 2019 for failure to file a praecipe. The "renewed notice of appeal" is untimely. The order that is being appealed was entered on August 20, 2019. Appellant should have filed the appeal no later than September 19, 2019; however, the renewed appeal was not filed until September 20, 2022, which exceeds the 30 day time period for filing appeals. Notice issued.

> *State v. Robinson*, CA-22-111966, Cuyahoga County Online Docket *available at* https://cpdocket.cp.cuyahogacounty.gov/COA_CaseInformation_Summary.aspx?q=qf01lpA4hg _yASh6jVlEegJboFb9KsdbBdzgtUXygjw1 (*last accessed* Nov. 21, 2024).

### D.  <u>Federal Habeas Proceedings</u>

On or about January 17, 2023, Mr. Robinson, acting *pro se*, filed his 28 U.S.C. § 2254

habeas petition. (ECF No. 1).[1] Mr. Robinson prepared his petition using the official government form. However, Mr. Robinson only submitted three of the sixteen pages of the form, and thus omitted a number of details, including the grounds for review that he was raising in his petition.

On July 27, 2023, the Warden filed a motion for a more definite statement, arguing that the Warden could not prepare a response because Mr. Robinson had not asserted any specific grounds for relief. (ECF No. 13). On September 12, 2023, I granted the Warden's motion and ordered Mr. Robinson to file an amended petition by October 27, 2023. (*See* ECF non-document entry dated September 12, 2023).

Mr. Robinson did not file an amended petition by October 27, 2023. However, on October 19, 2023, Mr. Robinson filed a "Renewed Application for Counsel; Response to 9/12/2023 Order by Mag. Armstrong." (ECF No. 16). In that document, Mr. Robinson included the missing portions of his initial petition, including a section setting forth forty separate grounds for relief. *Id*. at PageID # 55-105.

On February 21, 2024, the Warden filed a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), arguing that dismissal was warranted because Mr. Robinson had not filed an amended petition in compliance with my September 12, 2023 order. (ECF No. 22). On March 26, 2024, I issued a report and recommendation, recommending that the Court deny the Warden's motion to dismiss because, while Mr. Robinson had not filed a document labeled as an amended petition, he had substantially complied with my order by providing the missing pages of his petition. (ECF No. 28). I also recommended that Mr. Robinson consider whether any of his grounds for relief could be streamlined for the convenience of all parties.

---

[1] In *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F. 3d 452 (6th Cir. 2012), the Sixth Circuit held that a *pro se* petitioner's habeas petition is deemed filed when the petitioner presents the petition to prison officials for mailing. *Id*. at 456. Mr. Robinson's incomplete petition does not indicate the date on which he presented it to prison officials for mailing, and so the precise date on which the petition was filed is unclear. As discussed below, a filing date a few days earlier than January 17, 2023 would not have any impact on the statute of limitations analysis.

On May 7, 2024, the Court adopted my report and recommendation. (ECF No. 29). The Court ordered Mr. Robinson to file a complete, streamlined amended petition within 28 days, and warned him that failure to do so would result in dismissal with prejudice for failure to prosecute under Rule 41(b). On May 31, 2024, Mr. Robinson filed his amended petition, which asserted the same forty grounds for relief. (ECF Nos. 31-32).

On June 28, 2024, the Warden filed the present motion. (ECF No. 36).[2] On July 31, 2024, Mr. Robinson filed a motion to strike the Warden's motion to dismiss, motion to strike or challenge the state court record, motion to be released from custody pending the adjudication of his petition, motion to expand the record, motion for discovery, and motion for an evidentiary hearing. ECF No. 39). Mr. Robinson also labeled the document as a traverse, and I will construe it as such. (ECF No. 39). On September 9, 2024, Mr. Robinson filed a "Response to Respondent's Doc # 41 or in the alternative First Supplement in Support to Petitioner's Traverse or Reply, Doc #: 39." (ECF No. 44). On September 11, 2024, the Warden filed a sur-reply to Mr. Robinson's Traverse. (ECF No. 45).

## III.    ANALYSIS

The Warden argues that Mr. Robinson's petition should be dismissed for three reasons: (1) it is barred by the applicable statute of limitations; (2) he failed to exhaust his claims; and (3) all of his claims are procedurally defaulted. I will address each argument in turn.

### A.    <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214

---

[2] Mr. Robinson argues that it was procedurally improper for the Warden to file a motion to dismiss rather than an answer/return of writ. The Magistrate Judge's Initial Order in this case expressly contemplated that the Warden could file a motion to dismiss on statute of limitations grounds. (ECF No. 6) ("If a dispositive motion is filed raising a statute of limitations defense . . ."). The Warden also filed a notice of intent to file a motion to dismiss (ECF No. 33), requesting leave to file a motion to dismiss. Regardless, the Warden also raised exhaustion and procedural default arguments in the motion, and further addressed certain of Mr. Robinson's claims on the merits. Mr. Robinson thereafter filed a traverse, and there is no indication that he was prejudiced by the Warden labeling her filing as a motion to dismiss. (ECF No. 39). For avoidance of doubt, I will construe the Warden's motion as her answer/return of writ.

(1996) ("AEDPA"), imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). Although the statute of limitations is "not jurisdictional," it "effectively bars relief absent a showing that the petitioner's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). The one-year limitations period begins to run from the latest of four dates:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Subsections (B) and (C) are inapplicable, as there was no impediment that prevented Mr. Robinson from filing and his claims are not based on a newly recognized constitutional right. Mr. Robinson also has not established that his claims are based on a factual predicate that he could not have discovered earlier through the exercise of due diligence. Accordingly, I will analyze only whether Mr. Robinson's claims are timely under § 2244(d)(1)(A).

Cases become final for purposes of § 2244(d)(1)(A) when the time to file a direct appeal has expired, including the time to file a petition for a writ of certiorari to the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Here, the Ninth Appellate District affirmed Mr. Robinson's sentence on September 21, 2020. (ECF No. 36-1, Exhibit 18). Mr. Robinson filed applications for reconsideration and rehearing *en banc*, which the Ninth Appellate District denied as untimely on November 23, 2020. (ECF No. 36-1, Exhibits 29, 31-32). Giving Mr. Robinson the benefit of the doubt, and assuming his untimely applications for reconsideration

10

and *en banc* review extended his time to appeal to the Ohio Supreme Court, Mr. Robinson had 45 days from November 23, 2020, or until January 7, 2021, to file a notice of appeal. *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a), 7.01(a)(5)-(6). Mr. Robinson did not file an appeal to the Ohio Supreme Court, and the AEDPA statute of limitations began running the next day. Mr. Robinson thus had until January 8, 2022 to file his petition. However, Mr. Robinson did not file his petition until, at the earliest, January 17, 2023, more than a year later.[3] His petition is therefore untimely unless some form of tolling applies.

### 1. Statutory Tolling

§ 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Accordingly, "[t]he one-year period of limitations is tolled" while a properly filed application state post-conviction or other collateral review is pending. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 459 (6th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). However, statutory tolling under § 2244(d)(2) "does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quotation omitted); *see also Keeling*, 673 F.3d at 462 ("Because the one year statute of limitations period had already expired when Keeling filed the motion, statutory tolling does not apply.").

In addition, "[o]nly 'properly filed' state court motions toll AEDPA's statute of limitations" under § 2244(d)(2). *Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2018). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the

---

[3] The Warden argues that Mr. Robinson did not actually file his petition on January 17, 2023 because his original petition did not assert any grounds for relief. As discussed below, it is unnecessary to resolve that question because Mr. Robinson's petition is time-barred even assuming a January 17, 2023 filing date.

applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis omitted).

Mr. Robinson filed numerous post-conviction applications, petitions, and motions, including a post-conviction petition in the trial court, an application to reopen his appeal, two new trial motions, two state habeas motions, and various notices of appeal, motions for reconsideration, and requests for *en banc* review. The question is whether any of those filings served to toll the statute of limitations past January 17, 2023 such that his petition is timely. After careful consideration, I conclude that they did not.

### a. Petition for Post-Conviction Relief

Mr. Robinson filed a petition for post-conviction relief in the Lorain County Court of Common Pleas on September 8, 2020. (ECF No. 36-1, Exhibit 19). The trial court denied Mr. Robinson's motion on September 28, 2020 for various reasons, including that the grounds raised were meritless, barred by res judicata, and decided on Mr. Robinson's direct appeal. (ECF No. 36-1, Exhibit 22). The trial court did not suggest that Mr. Robinson's petition was untimely or improperly filed, so I will assume that it tolled the statute of limitations.

Mr. Robinson filed a timely appeal. However, the Ninth Appellate District dismissed Mr. Robinson's appeal from that ruling on January 21, 2021 because Mr. Robinson failed to pay the required deposit or file a complete docketing statement. (ECF No. 36-1, Exhibit 26). Mr. Robinson filed a motion for reconsideration on February 12, 2021, which the Ninth Appellate District denied as untimely on June 7, 2021. (ECF No.36-1, Exhibits 27-28). An untimely motion for reconsideration does not toll the statute of limitations. *See Applegarth v. Warden North Central Corr. Inst.*, 377 F. App'x 448, 450 (6th Cir. 2010); *Profanchik v. Haviland*, No. 4:17-CV-2649, 2020 WL 13834062, at *7 (N.D. Ohio Oct. 22, 2020) (report and recommendation) ("Because the

Ohio Court of Appeals dismissed Profanchik's appeal and motion for reconsideration as untimely his motions cannot be considered as 'properly filed' and therefore did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2)."). Thus, I will assume that the statute of limitations was tolled through March 7, 2021, the deadline for Mr. Robinson to appeal to the Ohio Supreme Court, but that his petition for post-conviction relief did not toll the statute of limitations after that date.

### b. *Rule 26(B) Application*

I will also assume that Mr. Robinson's Rule 26(B) application to reopen his appeal, which he filed on December 4, 2020, tolled the statute of limitations. A Rule 26(B) application is a collateral proceeding that, if properly filed, serves to toll AEDPA's statute of limitations. *See Lopez v. Wilson*, 426 F.3d 339, 351 (6th Cir. 2005) ("a Rule 26(B) application to reopen is part of the collateral, postconviction process rather than direct review"); *Jackson v. Bradshaw*, No. 1:16 CV 1852, 2017 WL 3475517, at *9 (N.D. Ohio June 22, 2017), *report and recommendation adopted*, 2017 WL 3456322 (N.D. Ohio Aug. 11, 2017) (holding that Rule 26(B) application can toll statute of limitations but that petitioner was not entitled to tolling because application was untimely and thus not properly filed).

The Ninth Appellate District denied Mr. Robinson's Rule 26(B) application on the merits on January 29, 2021, without suggesting that it was untimely or that it otherwise failed to comply with procedural rules governing Rule 26(B) motions. (ECF No. 36-1, Exhibit 34). The statute of limitations was thus tolled through March 15, 2021, the deadline for Mr. Robinson to file an appeal to the Ohio Supreme Court, which he did not do. *See* Ohio S. Ct. Prac. R. 701(1)(a).

Mr. Robinson also filed a delayed motion to reconsider, reopen the appeal, and request for *en banc* review on February 23, 2021. (ECF No. 36-1, Exhibit 35). However, the Ninth Appellate District denied Mr. Robinson's motion as untimely on July 19, 2021. (ECF No. 36-1, Exhibit 38). As noted above, an untimely motion for reconsideration does not toll the statute of limitations. *See*

*Applegarth*, 377 F. App'x at 450. I will thus assume that the Rule 26(B) application tolled the statute of limitations through March 15, 2021, but did not toll the limitations period thereafter.

### c. *December 2020 Notices of Appeal*

I will further assume that Mr. Robinson is entitled to tolling as a result of: (1) his December 10, 2020 "notice of appeal of sentence"; and (2) his December 18, 2020 appeal to the Ninth Appellate District of the Ninth Appellate District's prior opinion affirming his sentence on direct appeal and its denial of his application for reconsideration and rehearing *en banc*. It is not clear that Mr. Robinson's appeals actually served to toll the AEDPA statute of limitations, as the Ninth Appellate District held that it was without jurisdiction to hear both appeals.  However, the Warden assumes that the statute of limitations was tolled until the last relevant date related to those proceedings, the Ohio Supreme Court's August 3, 2021 order declining to accept jurisdiction over his December 18, 2020 appeal. (ECF No. 36, PageID # 301-02) (arguing that the limitations period began to run on August 3, 2021, when the Ohio Supreme Court declined to accept jurisdiction). In an abundance of caution, I will do so as well.

### d. *Motions for a New Trial*

Mr. Robinson's two motions for a new trial did not toll the statute of limitations. A motion for a new trial is a collateral proceeding, not a part of direct review, and is thus subject to the "properly filed" requirement of § 2244(d)(2). *See Hill v. Warden, Pickaway Corr. Inst.*, No. 2:23-cv-3356, 2024 WL 3819782, at \*9 (S.D. Ohio Aug. 14, 2024), *report and recommendation adopted*, 2024 WL 4227699 (S.D. Ohio Sept. 18, 2024). The trial court denied both motions because, among other reasons, they were untimely and did not contain supporting affidavits as required under Ohio law. (ECF No. 36-1, Exhibits 56, 60). "[T]ime limits on postconviction petitioners are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). That is true even if state law contains exceptions to a timely filing requirement. *Id*. "When a postconviction petition is untimely

under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).[4]

Mr. Robinson appealed both rulings, but the Ninth Appellate District dismissed the appeals for procedural reasons without reaching the merits. (ECF No. 36-1, Exhibits 58, 67). Because the state courts dismissed Mr. Robinson's new trial motions and subsequent appeals for lack of timeliness and failure to abide by state procedural requirements, those motions were not properly filed and do not toll the statute of limitations.

*e. State Court Habeas Petitions*

Mr. Robinson's two state court habeas petitions similarly did not serve to toll the statute of limitations. As an initial matter, is doubtful whether Mr. Robinson's petitions, even if properly filed, could serve to toll AEDPA's statute of limitations, as "an Ohio habeas petition must be based upon a claim of lack of subject-matter jurisdiction." *Lynch v. Wilson*, No. 1:07CV2742, 2008 WL 5572825, at *14-15 (N.D. Ohio Nov. 26, 2008), *report and recommendation adopted in part, rejected in part*, 2009 WL 233847 (N.D. Ohio Jan. 30, 2009) (holding that Ohio habeas petition was not properly filed because it did not raise a jurisdictional argument) (citing R.C. § 2725.05); *see also Washington v. Kelly*, No. 1:05-CV-577, 2007 WL 1592088, at *12 (N.D. Ohio May 31, 2007) (report and recommendation) ("since Ohio does not permit a state habeas corpus petition except to challenge the jurisdiction of the trial court, the filing of an Ohio habeas petition for any other purposes would not be a 'properly filed' state post-conviction application as would toll the federal habeas time limitations period") (citing *Williams v. Brigano*, No. 99-3913, 2000 WL 1871682, at *2 (6th Cir. Dec. 11, 2000)). Mr. Robinson's habeas petitions did not challenge the courts' jurisdiction to sentence him, and thus do not appear to have been proper under Ohio law.

---

[4] The fact that the court alternatively reached the merits of Mr. Robinson's claims does not mean the motions were "properly filed" for purposes of § 2244(D)(2). *See Applegarth*, 377 F. App'x at 450 (holding that motion did not toll statute of limitations where state court held that it was both untimely and meritless, stating "[t]hat it was meritless too, of course, does not render it properly filed").

Regardless, the Ohio courts dismissed Mr. Robinson's habeas petitions for failing to comply with the statutory filing requirements governing such petitions. (ECF No. 36-1, Exhibits 71, 81). A state court habeas petition does not toll the AEDPA statute of limitations where the petition was dismissed for failing to comply with filing requirements. *See Blevins v. Ohio Adult Parole Auth.*, No. 1:22-cv-1135, 2024 WL 1858593, at *5 (N.D. Ohio Mar. 27, 2024), *report and recommendation adopted*, 2024 WL 1856363 (N.D. Ohio Apr. 29, 2024) (holding that state court habeas petition did not toll statute of limitations where Ohio courts rejected it for failure to attach commitment papers); *Pena v. Turner*, No. 3:16-CV-01023, 2017 WL 9476858, at *12 (N.D. Ohio Jan. 15, 2017), *report and recommendation adopted*, 2017 WL 1100572 (N.D. Ohio Mar. 24, 2017) (holding that state habeas petition was not "properly filed" because Ohio courts dismissed petition for failure to comply with filing requirements). Mr. Robinson thus is not entitled to any tolling based on his state habeas petitions.

        *f.*   <u>January 17, 2023 Ohio Supreme Court Order</u>

Finally, Mr. Robinson is not entitled to tolling based on the proceedings that led to the Ohio Supreme Court's January 17, 2023, one-sentence order denying his motion for a stay. As noted above, while the state court record filed in this case does not contain any documents relating to Mr. Robinson's motion for a stay, the Cuyahoga County online docket indicates that the Ohio Supreme Court's order arose out of a "renewed notice of appeal" that the Ninth Appellate District dismissed as untimely.

A court may take judicial notice of a state court docket so long as the docket is relevant to the proceeding. *See Bozsik v. Bradshaw*, No. 1:03CV1625, 2010 WL 7702230, at *33 (N.D. Ohio June 4, 2010), *report and recommendation adopted*, 2011 WL 4629023 (N.D. Ohio Sept. 30, 2011) (taking judicial notice of state court docket but letting docket entries speak for themselves). Moreover, "[i]n the absence of reliable evidence to the contrary, a federal district court should

presume the accuracy of a court clerk's docket entries." *Hanna v. McKee*, No. 5:09-CV-10004, 2009 WL 2922952, at *2 (E.D. Mich. Sept. 9, 2009) (citing *Arnold v. Wood*, 23 F.3d 992, 995 (8th Cir. 2001)).

Mr. Robinson has not presented any evidence suggesting that the Ninth Appellate District's online docket is inaccurate. Accordingly, I will presume that the Ohio Supreme Court's January 17, 2023, order arose from a belated appeal of an order entered three years earlier, and that that the Ninth Appellate District dismissed the appeal untimely. As noted above, an untimely post-conviction proceeding is not "properly filed" under § 2244(d)(2), and Mr. Robinson is not entitled to tolling based on the Ohio Supreme Court's January 17, 2023 order denying his motion for a stay.

g.    *Summary of Statutory Tolling*

In sum, I will assume that Mr. Robinson is entitled to tolling based on his post-conviction petition for relief pursuant to R.C. § 2953.21, his Rule 26(B) application, and the proceedings resulting from his December 10, 2020 and December 18, 2020 notices of appeal. Mr. Robinson is not entitled to tolling based on his motions for a new trial, his state habeas petitions, or the proceedings leading to his motion for a stay in the Ohio Supreme Court. The last relevant date for tolling purposes is August 3, 2021, when the Ohio Supreme Court declined to accept jurisdiction of Mr. Robinson's appeal from the Ninth Appellate District's ruling dismissing his December 18, 2020 appeal. Mr. Robinson had one year from that date, or until August 3, 2022, to file his habeas petition. Because he did not file his petition until, at the earliest, January 7, 2023, statutory tolling does not operate to save his claims.[5]

---

[5] The above analysis assumes that Mr. Robinson's habeas petition was "filed" for statute of limitations purposes on or about January 17, 2023, when Mr. Robinson filed his initial, abbreviated habeas petition that did not set forth any specific grounds for relief. Because I conclude that Mr. Robinson's petition is untimely even assuming a January 17, 2023 filing date, I need not consider the Warden's alternative argument that the petition was not actually filed until March 31, 2024, when Mr. Robinson filed an amended petition containing his 40 grounds for relief.

### 2. *Equitable Tolling*

Because AEDPA's one-year statute of limitations is not jurisdictional, a court may still entertain an untimely petition if the petitioner is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). If a petitioner seeks equitable tolling, he must show that: (1) he pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citing *Holland*, 560 U.S. at 649); *Keeling*, 673 F.3d at 462. "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling*, 673 F.3d at 462 (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Mr. Robinson has not met that burden here. He does not explain why he waited until January 2023 to file his initial, abbreviated habeas petition and has not shown that he pursued his rights diligently. Nor has Mr. Robinson identified any extraordinary circumstance that prevented him from filing a timely application. Accordingly, Mr. Robinson is not entitled to equitable tolling, and I recommend that the Court dismiss his petition as time-barred.

### B. **Exhaustion**

In the alternative, I recommend that the Court either require Mr. Robinson to file an amended petition or dismiss his petition in its entirety because Mr. Robinson has failed to exhaust some of his claims.

Under AEDPA, state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus on the merits. *See* 28 U.S.C. § 2254(b) and (c); *Rose v. Lundy*, 455 U.S. 509 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, "the highest court in the state in which the petitioner was

convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). It "does not require pursuit of a state remedy where such a pursuit is clearly futile." *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

Four of Mr. Robinson's forty claims relate to arguments that he raised before the Ninth Appellate District during his direct appeal: (1) Ground Seven (speedy trial); (2) Ground Eight (failure to give self-defense and affirmative defense jury instructions); (3) Ground 12 (same); and Ground Fifteen (failure to grant continuance). The Ninth Circuit rejected those assignments of error on the merits on September 21, 2020, and Mr. Robinson did not file a timely appeal to the Ohio Supreme Court. It is undisputed that his deadline to file a timely appeal to the Ohio Supreme Court expired years ago. The Warden argues, however, that Mr. Robinson has not exhausted the claims he raised on direct appeal because he could still seek to file a delayed motion for leave to appeal to the Ohio Supreme Court pursuant to Ohio Supreme Court Practice Rule 7.01(A)(4). I agree.

"Courts in this District have held that a petitioner's federal habeas claims are not exhausted where he may yet file a motion for delayed appeal in the Supreme Court of Ohio and therefore has a potential remaining state avenue of relief." *Dunford v. Tibbals*, No. 3:11CV2028, 2013 WL 5726083, at *11 (N.D. Ohio Oct. 21, 2013) (citing cases); *see also Johnson v. Maiorana*, No. 4:24-cv-898, 2024 WL 4519254, at *1 (N.D. Ohio Oct. 7, 2024) (report and recommendation) (holding that claims were unexhausted where petitioner could file motion for delayed appeal in Ohio Supreme Court).

Mr. Robinson has not previously filed a motion for a delayed appeal with respect to Grounds Seven, Eight, Twelve, and Fifteen. While it is perhaps doubtful that the Ohio Supreme

Court would grant such a motion at this stage, it is nonetheless an available state avenue of relief. Accordingly, I agree with the Warden that Mr. Robinson has not exhausted those claims.

The Warden also argues that the remaining 36 claims that Mr. Robinson omitted from his direct appeal are unexhausted because he did not present them to the Ohio Supreme Court in a manner in which the Ohio Supreme Court could address them on the merits. The Warden argues that Mr. Robinson either failed to present his remaining claims to the Ohio Supreme Court at all or presented them in ways that were procedurally improper. The Warden asserts that these claims are "unexhausted because they have not gone through a full state appellate review." (ECF No. 36, PageID # 310).

Even accepting the Warden's assertion that Mr. Robinson failed to raise any of the 36 grounds during state court post-conviction proceedings, the Warden's exhaustion argument is not well-taken as to those claims. The Warden is correct that, to exhaust a claim, a petitioner must invoke one complete round of the State's appellate review process. *See O'Sullivan*, 526 U.S. at 845. As noted above, however, exhaustion "refers only to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n.28 (1982). "Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal review." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

The Warden does not argue that there are existing state court remedies available to Mr. Robinson at this time that would enable him to properly exhaust the 36 claims that were not part of his direct appeal. To the contrary, the Warden expressly argues that those claims cannot now go through a full state appeal process. (ECF No. 36, PageID # 310). Unlike the claims Mr. Robinson raised on direct appeal, a motion for delayed appeal in the Ohio Supreme Court is not available for claims raised in post-conviction proceedings. *See* Ohio S. Ct. Prac. R. 7.01(A)(4)(c).

Because state court remedies are no longer available to him, Mr. Robinson has exhausted the 36 claims not part of his direct appeal, and it is procedural default that instead operates as a potential bar.

Mr. Robinson's habeas petition thus contains both exhausted and unexhausted claims, which means it is a "mixed" petition. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). When faced with a mixed petition, a court must generally dismiss the entire petition without prejudice. *Lundy*, 455 U.S. at 510. In *Rhines*, however, the Court held that a district court may also stay the action for good cause and permit the petitioner to present the unexhausted claim in state court. *Rhines*, 544 U.S. at 277. But "[s]tay and abeyance, if employed too frequently, has the potential to undermine" AEDPA's goals of finality and streamlining federal habeas proceedings. *Id*. at 277. Accordingly, the *Rhines* Court held that stay and abeyance "should be available only in limited circumstances" where: (1) the petitioner has good cause for the failure to exhaust; (2) the petitioner's claims are not "plainly meritless"; and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id*. at 277-78.

Mr. Robinson has not requested a stay, and I conclude that one is not warranted. As an initial matter, he has not demonstrated good cause for his failure to exhaust. In the years since the Ninth Appellate District rejected Mr. Robinson's direct appeal, he has filed numerous petitions, applications, and motions challenging his conviction and sentence, including several appeals to the Ohio Supreme Court. Mr. Robinson has not identified anything that would have prevented him from pursuing a motion for a delayed appeal during that time. Nor has Mr. Robinson shown that his claims are not "plainly meritless." Finally, Mr. Robinson's numerous state court filings, most of which have been rejected on basic procedural grounds, raise the possibility that he is engaged in abusive litigation tactics as well. Accordingly, I recommend that the Court decline to stay and hold Mr. Robinson's petition in abeyance while he exhausts his unexhausted claims in state court.

"[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhimes*, 544 U.S. at 278. Here, it is highly likely that Mr. Robinson's claims would be time-barred if this case were dismissed so that he could exhaust his claims in state court—if, indeed, his claims are not already time barred. Thus, if the Court concludes that Mr. Robinson's petition is not currently time-barred, I recommend that the Court give Mr. Robinson leave to file an amended petition omitting Grounds Seven, Eight, Twelve, and Fifteen within 14 days. If he fails to do so, I recommend that the Court dismiss his petition in its entirety without prejudice for failure to exhaust.

### C. **Procedural Default**

Finally, and in the alternative, I recommend that the Court dismiss Mr. Robinson's claims because he has procedurally defaulted on them.

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). A claim is fairly presented when it has been asserted as a federal constitutional issue at every stage of the state court review process. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010); *Williams*, 460 F.3d

at 806.

The Sixth Circuit has developed a four-part test to determine whether a procedural default precludes a federal court from reaching a petitioner's claim: (1) whether there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with; (2) whether the state court "actually enforced" the state procedural rule; (3) whether the rule is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the procedural rule and actual prejudice from the alleged constitutional error. *Barton v. Warden, Southern Ohio Corr. Facility*, 786 F.3d 450, 464 (6th Cir. 2015) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

If the Court concludes that Mr. Robinson can no longer raise Grounds Seven, Eight, Twelve, and Fifteen before the Ohio Supreme Court through a motion for a delayed appeal, then he has procedurally defaulted on them, as it is well-settled that failure to raise a claim before the Ohio Supreme Court constitutes a procedural default. *See Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) (holding that petitioner must fairly present a claim at every stage of the state review process to avoid a procedural default).

The same is true of any claims that Mr. Robinson presented as part of his post-conviction collateral proceeding rather than in his direct appeal. Mr. Robinson failed to appeal the denial of his petition for post-conviction relief to the Ohio Supreme Court, and thus procedurally defaulted on the claims raised in the petition. *See Wagner*, 581 F.3d at 418. Mr. Robinson similarly failed to appeal to the Ohio Supreme Court from the Ninth Appellate District's denial of his Rule 26(B) application and his two motions for a new trial, and therefore procedurally defaulted on the claims he raised in those filings as well.

And, while Mr. Robinson did file appeals to the Ohio Supreme Court in connection with

other post-conviction proceedings, he procedurally defaulted on the claims raised in those proceedings by failing to follow state procedural rules. The Ninth Appellate District dismissed his December 10, 2020 "notice of appeal of sentence" because the trial court docket did not contain any order from which a timely appeal could be taken. (ECF No. 36-1, Exhibit 40). A state court's rejection of a claim because it is untimely under state law is an adequate and independent ground that results in a procedural default under *Maupin*. *See Smith v. Warden, Toledo Corr. Inst.*, 780 F. App'x 208, 219 (6th Cir, 2019) ("denying a postconviction motion or appeal based on untimeliness is an independent and adequate state procedural ground."). The Ohio Supreme Court then declined to accept jurisdiction over the appeal without comment, leaving the Ninth Appellate District's ruling as the last reasoned judgment. *See Ylst*, 501 U.S. at 805.

The same is true of Mr. Robinson's December 18, 2020 appeal, which purported to appeal both the Ninth Appellate District's decision affirming his sentence on direct appeal and its denial of his motion for reconsideration and application for *en banc* review. The Ninth Appellate District dismissed Mr. Robinson's appeal because it was without jurisdiction to hear an appeal from a prior appeal. (ECF No. 36-1, Exhibit 48). The Ohio Supreme Court then declined to accept jurisdiction over the appeal in a one sentence order. The state courts' rejection of Mr. Robinson's appeal on procedural grounds results in a procedural default.

Finally, the Ohio courts denied Mr. Robinson's state habeas petitions because he failed to comply with the statutory filing requirements. (ECF No. 36-1, Exhibit 71, 81, 86). Dismissal for failure to comply with filing requirements is an adequate and independent state ground under *Maupin*. *See*, *e.g.*, *Marshall v. Brunsman*, No. 1:09CV0259, 2010 WL 5627660, at *8 (N.D. Ohio Dec. 3, 2010), *report and recommendation adopted*, 2011 WL 219925 (N.D. Ohio Jan. 21, 2011) ("Failure to comply with written procedural rules detailing the timing and filing of appellate documents has been adjudged a bar to federal habeas review when the rules of appellate procedure

breached are well-established and regularly followed, *i.e.*, adequate and independent State procedural rules.") (citing cases). Mr. Robinson does not dispute that the Ohio courts regularly enforce rules governing the timing and format of state habeas petitions.

In sum, if the Court holds that Mr. Robinson can no longer bring a delayed appeal in the Ohio Supreme Court for the claims that he raised on direct appeal, then he has procedurally defaulted on those claims by failing to raise them at all levels of the state court review process. With respect to claims Mr. Robinson raised in post-conviction collateral proceedings, Mr. Robinson procedurally defaulted on each of them by (1) failing to raise the claim through all levels of the state court review process; and/or (2) failing to comply with timing and other state procedural requirements. Finally, to the extent that Mr. Robinson is seeking to assert claims through this habeas proceeding that he has not raised at all in state court, he has procedurally defaulted on them by failing to avail himself of state court review procedures while those procedures were still available. *See Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) ("if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review").

If a procedural default has occurred, the default can be excused and will not preclude consideration of a claim on federal habeas review if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law;" or (2) "failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim – supported by new reliable evidence not presented at trial – would establish that the petitioner was "actually innocent" of the offense. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).

Mr. Robinson has not established either that cause exists for his procedural defaults or that

he has suffered actual prejudice. Nor has Mr. Robinson produced new and reliable evidence that he is actually innocent of the offenses for which he was convicted. I therefore alternatively recommend that the Court dismiss Mr. Robinson's claims in their entirety because they are procedurally defaulted.

### D. Mr. Robinson's Pending Motions

Mr. Robinson has also filed several motions which are currently pending. Those include: (1) his renewed motion to vacate or expunge unlawful sentence, renewed motion to exonerate petitioner, and renewed motion to return any and all property (ECF No. 30); (2) his motion to mandate the state of Ohio to provide certain documents (ECF No. 34); (3) his renewed motion for sanctions (ECF No. 37); and (4) his motion to strike the Warden's motion to dismiss, motion to strike or challenge the state court record, motion to be released from custody pending the outcome of the petition, motion to expand the record, motion for discovery, and motion for an evidentiary hearing (ECF No. 39).

In light of my recommendation that the Court dismiss Mr. Robinson's petition, I also recommend that the Court deny Mr. Robinson's motion to vacate or expunge his sentence or to exonerate him. I similarly recommend that the Court deny Mr. Robinson's motion to strike the Warden's motion to dismiss, to strike or challenge the state court record, and to be released from custody.

I also recommend that the Court deny Mr. Robinson's motions for discovery and to expand the record, as "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2010). Mr. Robinson likewise has not shown that he is entitled to an evidentiary hearing under § 2254(e)(2) because he has not demonstrated that his claims rely on a new rule of constitutional law or a factual predicate that could not have been previously discovered. *See* 28 U.S.C. § 2254(e)(2)(A). Nor has

he shown that the facts underlying his claims are sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty. *See* 28 U.S.C. § 2254(e)(2)(B).

I further recommend that the Court deny Mr. Robinson's motion for return of his property, as he has not established that a federal district court has jurisdiction in a habeas proceeding to grant him that relief. Finally, I recommend that the Court deny Mr. Robinson's renewed motion for sanctions, which is premised on the Warden's alleged failure to properly respond to Mr. Robinson's petition and the Warden's alleged misleading statements to the Court. As discussed above, nothing in my initial order precluded the Warden from filing a motion to dismiss on statute of limitations grounds, and Mr. Robinson has not shown that the Warden engaged in sanctionable conduct.

## IV.    RECOMMENDATION REGARDING CERTIFICATE OF APPEALABILITY

As amended by AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "[a] 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v.*

*Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id*.; see also 28 U.S.C. § 2253(c)(3) ("The certificate of appealability under [§ 2253(c)(1)] shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]."). In light of the Rule 11 requirement that the court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

## A. <u>Analysis</u>

Mr. Robinson has not made a substantial showing of a denial of a constitutional right for the reasons set forth above. Because jurists of reason would not find these conclusions debatable, I recommend that no certificate of appealability issue in this case.

## V. RECOMMENDATION

Based on the foregoing, I RECOMMEND that the Court DISMISS Mr. Robinson' petition for a writ of habeas corpus under 28 U.S.C. § 2254. I also recommend that the Court not grant him a certificate of appealability. I further recommend that the Court deny Mr. Robinson's pending motions (ECF Nos. 30, 34, 37, 39).


Dated: November 21, 2024                    */s Jennifer Dowdell Armstrong*
                                            Jennifer Dowdell Armstrong
                                            U.S. Magistrate Judge

28

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates

Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).