UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARTIN ROBINSON, | CASE NO. 3:23-cv-89 |
| Petitioner, | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | |
| WARDEN KIMBERLY HENDERSON, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

On November 21, 2024, Magistrate Judge Jeniffer Dowdell Armstrong issued a Report and Recommendation ("R&R") recommending that this Court dismiss the petition for writ of habeas corpus filed by *pro se* petitioner Martin Robinson ("Robinson" or "Petitioner") pursuant to 28 U.S.C. § 2254. (Doc. 46.) Petitioner timely filed a Response and Objection to the R&R. (Doc. 47.) For the reasons stated herein, Petitioner's objections to the R&R are OVERRULED, the R&R is ADOPTED, and the petition is DISMISSED.

**I.   BACKGROUND**

The R&R sets forth the factual and procedural history of Petitioner's jury trial, direct appeal, and post-appeal challenges to conviction. (Doc. 46 at 2977-82; Doc. 36-1, Ex. 18 at 579-81.)[1] In habeas corpus proceedings brought by a person under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012). This Court accepts the Ohio Ninth

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

District Court of Appeals' factual summary (36-1, Ex. 18 at 579-81) as well as the procedural history laid out in the R&R as if rewritten herein. (Doc. 46 at 2977-84.) To the extent pertinent portions of the record below warrant discussion herein, background facts and procedural history are briefly restated.

Robinson was charged with one count of attempted aggravated murder, seven counts of attempted murder, twelve counts of felonious assault, one count of tampering with evidence, and one count of inducing panic. (Doc. 36-1, Ex. 1.) At trial, Robinson's motion for judgment of acquittal was denied as to one of the felonious assault counts and granted as to the tampering charge. (Doc. 36-1, Ex. 10.) Robinson then sought a self-defense instruction, which was denied. (*Id.*) The jury found Robinson guilty of attempted aggravated murder, six counts of attempted murder, eight counts of felonious assault, and inducing panic.[2] (Doc. 36-1, Ex. 11.) All remaining charges resulted in acquittals. (*Id.*) Robinson was ultimately sentenced to 55 years in prison. (Doc. 36-1, Ex. 12.)

As detailed extensively in the R&R, Robinson pursued a direct appeal and various other forms of appellate and collateral review. (Doc. 46 at 2977-82.) Only four appellate decisions were appealed to the Ohio Supreme Court: the Notice of Appeal of Sentence; Second Notice of Appeal; Ninth Appellate District Habeas Petition; and Madison County Habeas Petition. (Doc. 36-1, Exs. 39-41, 44-48, 50, 53, 68, 71-72, 76-79, 81, 83, 86-87, 90-92.)

Respondent moved to dismiss the petition on three grounds: (A) it is barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations; (B) Robinson failed to exhaust his claims; and (C) all claims are procedurally defaulted. (Doc. 36.)

---

[2] All remaining firearms specifications were found, which increased Robinson's sentence. (Doc. 36-1, Exs. 11, 12.)

2

The R&R addressed each in turn and recommends this Court find the claims time-barred, or alternatively, not fully exhausted, and procedurally defaulted. (Doc. 46.)

II. **STANDARD OF REVIEW**

The Court must review *de novo* the portions of a report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P 72(b)(3). The stated objection must "address specific concerns" to "focus attention on those issues . . . that are at the heart of the parties' dispute." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). "[A]n objection preserves an issue when it explains and cites specific portions of the report which counsel deems problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citations and alterations omitted).

On the other hand, objections that are "vague, general, or conclusory" do not receive *de novo* review. *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). The undeveloped and incomplete nature of the objection is "tantamount to no objection at all." *Middleton v. Octapharma Plasma, Inc.*, No. 19-1943, 2020 WL 5000070, *1 (6th Cir. Mar. 26, 2020); *see also Howard*, 932 F.2d at 509 (recognizing that general objections duplicating the time and effort of the district court and magistrate judge waste judicial resources). And unlike specific objections that mandate *de novo* review, general objections result in only clear error review. *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

III. **ANALYSIS**

Petitioner's Response and Objection contains many vague and conclusory assertions,

including: the R&R is false in its entirety because the R&R omitted the word "attempted" in one of its references to his attempted aggravated murder conviction; reflects the Court's "retaliation" for Robinson making "civil and criminal complaints in real time"; ignores *Brady* evidence; disregards ineffective assistance of counsel claims and "skirted the [U.S. Constitution] violations of jail uniform; and did not address certain pending motions. (Doc. 47 at 3006-07.) In conclusion, Petitioner asks the Court to review the R&R for "deliberate criminal errors." (*Id.* at 3009) That said, there are two statements that, while still general objections because they simply state a disagreement with the magistrate judge's resolution and provide this Court with nothing more than a restatement of arguments already presented,[3] will be addressed to ensure clarity and resolve factual misstatements.

The first is Robinson's insistence that he diligently sought to file a delayed direct appeal to the Ohio Supreme Court. (Doc. 47 at 3007.)[4] In support, he references documents purportedly received by the Supreme Court of Ohio's Clerk of Court, all of which were stamped on April 22, 2022. (*Id.*) He then claims: "Robinson attempted to file a delayed direct appeal to SCO, but is unable to force the clerk to file on his behalf. This is clear and convincing evidence that Robinson attempted to do diligence." (*Id.*)

To the extent Robinson now invokes statutory tolling, "[o]nly 'properly filed' state court motions toll AEDPA's statute of limitations" under § 2244(d)(2). *Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2008) (citations omitted). While Robinson asserts he submitted these documents, he has not, as he must, demonstrated the documents were "in compliance with the

---

[3] See *Aldrich*, 327 F. Supp. 2d at 747.
[4] It is unclear from which of the many decisions Robinson sought a "delayed direct appeal" to the Ohio Supreme Court. (*See* Doc. 47 at 3007.) But that is of no moment here because Robinson does not explain how he meets the statutory requirements for tolling under the AEDPA.

4

applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

To the extent Robinson now invokes equitable tolling, he must show he diligently pursued his rights and "extraordinary circumstances prevented timely filing." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). At bottom, it is Robinson's burden to persuade this Court that he is entitled to equitable tolling. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012). In reviewing the record and this assertion in Robinson's Response and Objections, the Court finds that Robinson has not met his burden. He has acknowledged his filings were untimely, "delayed" even. (Doc. 47 at 3007) And he has stated that the Ohio Supreme Court did not accept them for filing. (*Id.*) But Robinson has not provided the Court with any information from which it could find an exceptional circumstance prevented timely filing in the first place. Accordingly, to the extent Robinson's statements regarding the Ohio Supreme Court's refusal to accept documents for filing is an objection to the R&R's conclusion that his claims are time-barred, that objection is overruled.

The second is Robinson's challenge to the purported lack of records relating to the January 17, 2023 Order from the Ohio Supreme Court. (Doc. 47 at 3007.) Robinson argues the statement that "records relating to the appeal do not appear in the state court record filed in this Court" suggests something nefarious, although what and by whom is unclear. (*See id.*) Notably, Robinson neglects to include the sentences in the R&R immediately following his excerpt:

> However, the online docket for the underlying Ninth Appellate District case, case number CA-22-111966, is available, and contains a September 22, 2022 entry stating as follows:
>
> Sua sponte, appellant's "renewed notice of appeal" is dismissed. Appellant's prior appeal in 108990 was dismissed on September 18, 2019 for failure to

> file a praecipe. The "renewed notice of appeal" is untimely. The order that is being appealed was entered on August 20, 2019. Appellant should have filed the appeal no later than September 19, 2019; however, the renewed appeal was not filed until September 20, 2022, which exceeds the 30 day time period for filing appeals. Notice issued.
>
> *State v. Robinson*, CA-22-111966, Cuyahoga County Online Docket *available at* https://cpdocket.cp.cuyahogacounty.gov/COA_CaseInformation_Summary.aspx?q=qf01lpA4hg_yASh6jVlEegJboFb9KsdbBdzgtUXygjw1 (*last accessed* Nov. 21, 2024).

(Doc. 46 at 2982.) Courts speak through their dockets. *See Bozsik v. Bradshaw*, No. 1:03CV1625, 2010 WL 7702230, at *33 (N.D. Ohio June 4, 2010), R&R adopted, 2011 WL 4629023 (N.D. Ohio Sept. 30, 2011). Thus, the R&R appropriately relied on the docket entry.

In summary, the Court concludes Robinson has not asserted specific objections such that he has preserved *de novo* review of the R&R. *De novo* review has been waived. The Court has reviewed the R&R for clear error and finds none. Petitioner's objections are overruled. Robinson's petition is time-barred.

## IV. PENDING MOTIONS

Robinson does not state any specific objection to the R&R's recommended disposition of his pending motions. (*See* Doc. 47 at 3007-08.) Thus, he has waived *de novo* review of this portion of the R&R as well. The Court has reviewed the R&R for clear error as it relates to the pending motions and finds none. All pending motions are denied.

## V. CERTIFICATE OF APPEALABILITY

Because Petitioner has not made a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

6

## VI. CONCLUSION

For the reasons set forth herein, Robinson's objections are OVERRULED, the R&R is ADOPTED and the recommendations to DISMISS the petition as time-barred and, alternatively, because all claims are procedurally defaulted are ACCEPTED. All pending motions are hereby DENIED. The petition is DISMISSED. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date: December 18, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE